## LOUISA ALLGEIER, ADMINISTRATRIX, v. ERIE RAILROAD COMPANY.

Decided November 8, 1923.

**Negligence—Motion for Direction of Verdict for Defendant Granted—Plaintiff Voluntarily Asks for Nonsuit Before Instruction to Jury Begins—Judgment Reversed.**

For the appellant, *Weinberger & Weinberger*.

For the defendant, *Collins & Corbin*.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

PER CURIAM.

The plaintiff's intestate was a flagman, employed by the defendant company at its Rutherford crossing, and was run

down and killed while on duty at the crossing on the evening of January 13th, 1921. The trial resulted in the direction of a verdict for the defendant company, on the ground that there was no negligence on the part of the defendant company; the claim that it was customary for the engineman to blow a whistle when approaching the crossing for the purpose of warning the employes on the crossing not having been supported. We think the proofs justified that conclusion, since the blowing of the whistle was manifestly a mere performance of the statutory duty imposed upon railroad companies.

The other grounds upon which the motion to direct a verdict was rested we think without merit. If it be assumed that the decedent was conclusively shown to have been guilty of contributory negligence, that fact did not bar him from the right to recover, the Federal statute providing that it shall only affect the *quantum* of damages.

The contention that the decedent assumed the risk, even if it be considered that the duty of giving warning to flagmen on crossings had been shown, is without merit. The failure to give the warning was the failure of a fellow-servant to perform the duty entrusted to him, and an employe does not assume the risk of danger arising out of the negligence of a fellow-employe.

Counsel for the railroad company having moved for the direction of a verdict, proceeded to argue the matter, and apparently his argument was replied to by counsel for the plaintiff. At the conclusion of the argument the court said, "I think I will grant the motion;" and after some little further discussion counsel for the plaintiff said, "I do not think that the plaintiff is entitled to have a nonsuit in this case," to which the court replied, "No, I think if there is an error, it can be cured by the court above." An exception was entered to this ruling, and the court then instructed the jury to return a verdict in favor of the defendant. We think the statement of defendant's counsel, that "plaintiff is entitled to have a nonsuit," was in effect a submission to a voluntary nonsuit. It is settled that plaintiff has a right to suffer a

nonsuit on his own motion at any time before the jury have retired to consider their verdict. *Malone* v. *Erie Railroad Co.*, 90 *N. J. L.* 350.

In that case it was held that an offer to submit to a voluntary nonsuit is made in time providing the court has not then begun its instruction to the jury to render a verdict for the defendant.

For this reason the judgment should be a reversal.